SO ORDERED.

SIGNED this 23rd day of November, 2015.



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge

_____

Designated for publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| In re: | |
|---|---|
| CAROL JANETTE ROBERTSON ROYSTER, | CASE NO. 15-20133 CHAPTER 7 |
| DEBTOR. | |

MEMORANDUM OPINION AND JUDGMENT GRANTING TRUSTEE'S
OBJECTION TO EXEMPTION OF $24,000 ATTORNEY FEES JUDGMENT AND
DENYING TRUSTEE'S OBJECTION TO EXEMPTION OF MONTHLY
MAINTENANCE JUDGMENT AWARDED TO DEBTOR IN DIVORCE
PROCEEDING

The Chapter 7 Trustee, Christopher J. Redmond,[1] objects to Debtor's claim in her Schedule C that a $24,000 attorney fees award and a $1,300 monthly maintenance award, including a cash balance in an account traceable to such maintenance award, made to her in a state court divorce decree are exempt under 11 U.S.C. § 522(d)(10)(D) and (11)(E)[2] and

---

[1] The Trustee appears by Emily G. Kaufman of Husch Blackwell LLP.

[2] Future references to Title 11 in the text shall be to the section number only.

K.S.A. 60-2312(b). Debtor[3] responds that the $24,000 award is in the nature of a domestic support obligation and is exempt under Kansas law and that the maintenance award and proceeds are exempt alimony. The Court has jurisdiction.[4]

**FINDINGS OF FACT.**

Carol Janette Robertson Royster (Debtor) filed for relief under Chapter 7 on January 28, 2015. Christopher J. Redmond (Trustee) was appointed as the trustee for her bankruptcy estate. On April 6, 2015, Debtor filed an Amended Schedule C in which she claims as exempt under § 522(d)(10)(D) and (d)(11)(E) and K.S.A. 60-2312(b) a lump sum award of $24,000 in attorney fees, monthly maintenance payments of $1,300, and the balance in a bank account that she uses exclusively to receive the maintenance payments. Debtor's right to these assets arises from a judgment entered on June 4, 2014, in the Circuit Court of Jackson County, Missouri, in Case No. 1216-FC00189, *In re the Marriage of Carol Royster, Petitioner, and William Royster, Respondent* (Divorce Judgment). The section of the Divorce Judgment addressing maintenance awards Debtor $1,300.00 per month as "modifiable statutory and periodic maintenance . . . commencing on June 1, 2014 and

---

[3] Debtor appears by Richard C. Wallace of Evans & Mullinix, P.A.

[4] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and § 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2014). An objection to exemptions is a core proceeding which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(B). The parties have stipulated that the Court has jurisdiction, that this is a core proceeding, and that venue is proper. There is no objection to jurisdiction over the parties.

continuing on the first day of each and every month thereafter until the earlier of (a) Wife's remarriage, (b) death of either party, or (c) the amount of monthly special maintenance is modified by subsequent Court Order."[5] In the section of the Divorce Judgment titled Attorney Fees, the court noted that pursuant to her attorney fee affidavit, Debtor requested an award of attorney fees of $47,495.53; that based upon the evidence presented, such an award to Debtor was just and equitable; that Debtor's former husband had waived payment of his attorney fees; and that "Wife is awarded a judgment of $24,000.00 against Husband as and for payment of her attorney fees in this matter, and execution may issue immediately."[6] Additional provisions of the Divorce Judgment are discussed below.

The Trustee objected[7] to Debtor's reliance on the mix of federal and state exemptions with respect to her exemption of the monthly maintenance, the account balance, and the attorney fees. In addition, the Trustee objected to the exemption of the $24,000 award, whether the applicable law is state or federal. In his view, the fact that the Divorce Judgment states the $24,000 award is for attorney fees excludes it from the exemption for the right to receive alimony, support, or separate maintenance under § 522(d)(10)(D).

In response,[8] Debtor argued that she may use the federal exemption found in § 522(d)(10)(D) as authorized by K.S.A. 60-2312(b). She further claimed the $24,000

---

[5] Doc. 36-1 at 20.

[6] Doc. 36-1 at 35.

[7] Doc. 28.

[8] Doc. 31.

3

award is an exempt right to receive alimony, support, or separate maintenance, since the exemption in § 522(d)(10)(D) should be construed in light of the definition of a "domestic support obligation" under § 101(14A).

**DISCUSSION.**

### A. The $24,000 award for attorney fees is not exempt.

The primary issue in this case is whether the $24,000 attorney fees award is exempt as "alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor" under § 522(d)(10)(D). Debtor argues that this exemption should be construed the same as the exception from discharge for a domestic support obligation (DSO) under § 523(a)(5), and that the $24,000 award is "in the nature of support" within the definition of a DSO established by § 101(14A). Some background on the history of § 523(a)(5) and § 101(14A) is useful here. Before 2005, § 523(a)(5) excepted from discharge a debt owed to a former spouse for alimony or maintenance in connection with a divorce, but a debt that was called alimony or maintenance was not excepted from discharge "unless such liability is actually in the nature of alimony [or] maintenance." Then in 2005, Congress passed the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA), which amended § 523(a)(5) so that it now excepts from discharge any debt "for a domestic support obligation," and defined domestic support obligation (DSO) in § 101(14A) as a debt that, among other things, is "in the nature of alimony [or] maintenance . . . without regard to whether such debt is expressly so

4

designated."[9]

The Trustee responds that the scope of the exemption under § 522(d)(10)(D) should not be conflated with that of the exception to discharge under § 523(a)(5), that the Court may not look behind the Divorce Judgment to determine the divorce court's intent, that the Court is bound by the plain language of the Divorce Judgment stating that the $24,000 award is for attorney fees, and that the award therefore is not exempt.[10]

Once Debtor claimed the exemption, the Trustee, as the objecting party, had the burden of proving the exemption was not properly claimed.[11] In the absence of decisions by the Tenth Circuit Court of Appeals and the Tenth Circuit BAP construing § 522(d)(10)(D), the Trustee relies upon *Bentley*,[12] a decision by former Kansas Bankruptcy Judge John Flannagan. In *Bentley*, the debtor claimed as exempt under Kansas law a $25,000 lump sum alimony award in the form of a lien on the marital home, as ordered by an Oklahoma divorce court. The trustee objected on the basis that the award represented a division of property which was entirely mischaracterized by the Oklahoma court as alimony. The bankruptcy court found the trustee's suspicions that the divorce judge "was really awarding a division of property while calling it alimony to insulate the liability from discharge in a later bankruptcy

---

[9] Pub. L. No. 109-8, §§ 211(2) & 215(1), 119 Stat. 23 (2005).

[10] The Trustee's position that Debtor is relying on an improper mix of federal and state exemptions also applies to the attorney fees award. If that were the Trustee's only argument, his objection would be denied for the reasons stated in section B.

[11] *Lampe v. Williamson (In re Lampe)*, 331 F.3d 750, 754 (10th Cir. 2003).

[12] *In re Bentley*, 245 B.R. 684 (Bankr. D. Kan. 2000).

5

case"[13] were insufficient to overcome the state court's alimony designation. The court stated:

> Although the trustee's suspicions may be correct, he cannot prevail on this point because the Bankruptcy Code withholds the authority to rule as he asks. It is true that when deciding the dischargeability of a claim created by a divorce decree, section 523(a)(5)(B) authorizes a bankruptcy judge to look behind the divorce decree to confirm that it awards an actual alimony liability, rather than a disguised division of property liability. But, of course, the question in this contested matter is not dischargeability of alimony. The question here is whether an alimony lien created by a state court divorce decree is entitled to exemption. In this context, the authority granted a bankruptcy judge by § 523(a)(5)(B) to look behind the divorce decree is useless. And so far as the court is aware, no other Code provision empowers the court to decide that the lien created by the Oklahoma divorce court is other than what that court said it is — alimony. The Oklahoma decree is res judicata and entitled to full faith and credit. It controls the character of the lien.[14]

Based upon the differences in the statutory language of the two Code sections, the court rejected the reasoning of cases holding that the § 522(d)(10)(D) exemption statute should be construed in accord with § 523(a)(5) dischargeability principles, which allow courts to look behind a state court judgment.[15] In this case, the Trustee urges the Court to follow *Bentley* and to hold that the exemption is not available because the Divorce Judgment unambiguously states that the $24,000 award is for attorney fees, not alimony or support.

Debtor responds that the attorney fees award is in the nature of an exempt and

---

[13] *Id.* at 686.

[14] *Id.* at 686-687.

[15] *Id.* at 687.

6

nondischargeable DSO. Authority to construe the exemption in § 522(d)(10)(D) for alimony, support, and maintenance using the § 101(14A) definition of DSO is based upon the similarity of the two statutes' language. The exemption applies to a debtor's right to receive "alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor."[16] A DSO is defined in material part as "a debt . . . that is — (A) owed to . . . (i) a . . . former spouse, . . . [and] (B) in the nature of alimony, maintenance, or support . . . of such . . . former spouse . . . , without regard to whether such debt is expressly so designated."[17] Debtor cites *Sheffield*[18] for the proposition that "[d]espite subtle differences in language, logic dictates that what constitutes support for both statutes should involve similar criteria."[19] She then cites several dischargeability decisions holding that a bankruptcy court is not bound by the characterization given to an obligation by the divorce court.[20] Awards of attorney fees in divorce judgments and settlements have been found to be nondischargeable alimony or maintenance under § 523(a)(5), both before and after the BAPCPA amendment added the definition of DSO and amended § 523(a)(5) to except DSOs

---

[16] 11 U.S.C. § 522(d)(10)(D).

[17] 11 U.S.C. § 101(14A).

[18] *In re Sheffield*, 212 B.R. 1019 (Bankr. M.D. Fla. 1997). The court in *In re Ellertson*, 252 B.R. 831, 833 (Bankr. S.D. Fla. 2000), agreed with the *Sheffield* court that in applying § 522(d)(10)(D), a bankruptcy court may look behind the label applied by a state court to ascertain the true nature of an award made in a divorce case.

[19] Doc. 38 at 2.

[20] *Williams v. Williams (In re Williams)*, 703 F.2d 1055, 1056-58 (8th Cir. 1983); *Harrell v. Sharp (In re Harrell)*, 754 F.2d 902, 904-07 (11th Cir. 1985); *Marshall v. Marshall (In re Marshall)*, 489 B.R. 630, 632-36 (Bankr. S.D. Ga. 2013).

from discharge.[21]

In the Tenth Circuit, in the dischargeability context, because the "label attached to an obligation does not control, an unambiguous agreement cannot end the [dischargeability] inquiry."[22] Rather, "'a bankruptcy court *must* look beyond the language of the decree to the intent of the parties *and* the substance of the obligation' to determine whether the obligation is actually in the nature of alimony, maintenance or support."[23] The question is whether this standard applies when determining exemptions under § 522(d)(10)(D).

The linchpin of Debtor's argument that the § 523(a)(5) standard applies to exemptions under § 522(d)(10)(D) is that the differences in the language of the exemption statute and the dischargeability statute, which now incorporates the definition of DSO, are "subtle" and of no material consequence.[24] Debtor relies upon *Sheffield*, which states,

> Although dischargeability of a debt involves different issues, this Court finds that § 522(d)(10)(D) should be examined in accordance with § 523(a)(5) principles. Logic dictates that what constitutes alimony for purposes of § 523(a)(5), and what constitutes alimony for purposes of § 522(d)(10)(D), should involve the same criteria.[25]

In *Bentley*, Judge Flannagan convincingly rejected this reasoning, stating:

---

[21] *See Marshall,* 489 B.R. at 630. *Marshall* also held that BAPCPA's amendment of § 523(a)(5) did not invalidate case law under the prior version. *Id*. at 634.

[22] *Sampson v. Sampson (In re Sampson)*, 997 F. 2d 717, 722 (10th Cir. 1993).

[23] *Id*. at 722-23 (*quoting In re Goin*, 808 F.2d 1391, 1392 (10th Cir. 1987)).

[24] Doc. 38 at 2.

[25] *In re Sheffield*, 212 B.R. at 1020-21.

8

> Perhaps this approach represents good policy, but Congress has not adopted it. In § 523(a)(5)(B) Congress says a "discharge . . . does not discharge . . . any debt . . . to a spouse . . . for alimony . . . but not to the extent that — such debt includes a liability designated as alimony . . . *unless such liability is actually in the nature of alimony . . . .*" (Emphasis added.) The courts have uniformly taken this to mean they can look behind a state court judgment when deciding whether the judgment grants alimony as opposed to a division of property. Congress provided no such authority with § 522(d)(10)(D). In this court's view, to the extent the sentiment expressed in *Sheffield* was the holding of that court, it is judicial legislation, not judicial dispute resolution applying existing law.[26]

Judge Flannagan concluded that the Bankruptcy Code did not empower the court to decide that the lien "created by the Oklahoma divorce court is other than what that court says it is — alimony."[27] He held that the "Oklahoma divorce decree is res judicata and entitled to full faith and credit."[28]

However, the holding of *Sheffield* that what constitutes alimony and support is determined under federal law for the purpose of the exemption has been reached by other courts under a different rationale. In *Harbaugh*,[29] the district court noted that the *Sheffield* approach had been criticized by *Bentley*, and undertook its own analysis to determine whether the definition of alimony for purposes of the exemption statute should be guided by case law under § 523(a)(5). It said, "After an exhaustive review of the statutes, the

---

[26] *In re Bentley*, 245 B.R. at 687.

[27] *Id*. at 686.

[28] *Id*. at 686-87.

[29] *In re Harbaugh*, 257 B.R. 485 (E.D. Mich. 2001).

9

legislative history, the case law, and various treatises of bankruptcy law," that it was "unable to find any empirical basis upon which to reach a definite conclusion as to whether Congress intended for the alimony provisions of sections 522 and 523 to directly parallel one another."[30] But it went on to conclude that "Congress intended for section 522(d)(10)(D) to exempt only those monies . . . that concern general spousal sustenance," that a federal definition of alimony applies to the federal exemption, and that "'the primacy of the bankruptcy laws may not be subverted by labels placed on obligations by the parties themselves or by nonbankruptcy courts.'"[31] "Therefore, section 522(d)(10)(D), when read as a whole, exempts any payments from the bankruptcy estate that (1) are intended by the parties or the state court to support a spouse and (2) are, in the judgment of the bankruptcy court, reasonably necessary for such purpose."[32]

In another pre-BAPCPA decision, *In re Evert*, the Fifth Circuit Court of Appeals,[33] while holding that a federal definition of alimony, support, and maintenance applies when construing the exemption statute, rejected the principle that the same approach used for determining what is alimony in the context of dischargeability under § 523(a)(5) should apply to the exemption under § 522(d)(10)(D). It noted that the qualifying language found in the pre-BAPCPA discharge statute — "unless such liability is actually in the nature of

---

[30] *Id*. at 488-89.

[31] *Id*. at 491 (quoting *In re Joseph*, 157 B.R 514, 518 (Bankr. D. Conn. 1993)).

[32] *Id*.

[33] *In re Evert*, 342 F.3d 358 (5th Cir. 2003).

alimony, maintenance, or support" — was not present in the exemption statute, that the statutes differed in their underlying purposes, and that in 1994, Congress amended § 523 by adding subsection (a)(15) without amending § 522(d)(10)(D). This last factor is even more persuasive after the 2005 passage of BAPCPA, where Congress enacted the definition of DSO and amended § 523(a)(5) to make DSO's nondischargeable, but failed to amend § 522(d)(10)(D) in any way, leaving it without any reference to DSOs.[34] The *Evert* court held that when evaluating a claim of exemption for a promissory note awarded in a divorce decree as part of the provisions addressing property division, it would not look beyond the language of the decree where 1) there was a meaningful separate alimony provision, 2) the obligation in question was described as being for property division, 3) the label given to the obligation was matched by its actual characteristics, and 4) the evidence did not suggest the parties conspired to disguise the true nature of the obligation in order to subvert the bankruptcy or tax laws.[35]

      This Court concludes that a federal definition of alimony, support, and maintenance controls the construction of § 522(d)(10)(D), which exempts a spouse's right to receive support payments. Unlike Judge Flannagan in *Bentley*, this Court therefore holds that the attorney fees label placed on Debtor's right to payment in the Divorce Judgment is not res judicata. But, like the Fifth Circuit in *Evert*, this Court concludes that there is no need to look beyond the language of the Divorce Judgment to ascertain the intent of the parties and

---

[34] *Id*. at 367-68.

[35] *Id*. at 368.

11

the substance of the $24,000 award. The Divorce Judgment contains a meaningful maintenance award and divides the marital assets and debts. It unambiguously states that the $24,000 award is for attorney fees. The structure of the Divorce Judgment also clearly shows that the lump sum award is not for maintenance, which is addressed in a separate portion of the Judgment. The award of maintenance is supported by an extended discussion of the evidence concerning the parties' circumstances. The attorney fees label matches the award. It is a lump sum award based upon an affidavit filed in the state court. The obligation is absolute, rather than being contingent on Debtor's failure to remarry, her future earnings, or similar events. There is no evidence or argument suggesting that Debtor and her former husband conspired to disguise the true nature of the award to preclude its exemption, other bankruptcy provisions, or tax laws. Therefore, the Court declines to look behind the award in this case.

Even if it were proper for the Court to look behind the attorney fees label, the Court would reject Debtor's argument that, based upon provisions of the Divorce Judgment, the $24,000 attorney fees award constitutes support.[36] The findings Debtor relies on are: (1) the lack of substantial evidence that Debtor would be able to obtain full-time employment to meet her reasonable needs; (2) during the marriage, Debtor's former husband was controlling, had alcohol issues, spent money for his own wants, and lost large sums of money on failed or cancelled business ventures; (3) Debtor's former husband provided no

---

[36] Debtor did not proffer any evidence in addition to the Divorce Judgment and did not request an evidentiary hearing.

12

maintenance during the pendency of the divorce proceeding, forcing Debtor to go on food stamps; and (4) Debtor lacked sufficient property to provide for her reasonable needs. These factors supported the divorce court's award of maintenance. Given the presence of such an award, the factors fail to show that the attorney fees award was in fact additional maintenance. Debtor's position could lead to the exemption of all monetary awards made in divorce cases, rather than only those intended to serve as spousal support.

The Court therefore holds that whether the $24,000 attorney fees award is exempt under § 522(d)(10)(D) is a matter of federal law determined independently from the case law and standards applied to DSOs under § 523(a)(5). In this case, the Court finds that the attorney fees award is not exempt as a right to receive alimony, support, or maintenance because there is a meaningful maintenance provision in the Divorce Judgment, the award is clearly described as being for the payment of attorney fees, the label given to the award matches its actual characteristics, and there is no suggestion that the parties conspired to disguise the true nature of the award to make the exemption unavailable or otherwise subvert the Bankruptcy Code or other law.

> **B. The Court denies the Trustee's objection to the exemption of the $1,300 monthly maintenance payments and the cash balance in a bank account Debtor uses exclusively to receive the maintenance payments, since Debtor is not relying on an improper mix of federal and state exemptions.**

The Court agrees with the Trustee's legal position that Debtor may not rely upon a mix of federal and state exemptions.[37] Although in her amended Schedule C, Debtor cites

---

[37] The Bankruptcy Code allows states to "opt-out" of the federal exemptions in favor of the state

13

§ 522(d)(10) (D) and (11)(E) and K.S.A. 60-2312(b) as the basis for the exemptions of the monthly maintenance and the cash balance, in her response to the Trustee's objection, she relies only on K.S.A. 60-2312(b). That statute provides that an individual debtor "may exempt, in addition to any other exemptions allowed under state law, any property listed in subsection (d)(10) of section 522" of the Bankruptcy Code. Section 522(d)(10)(D) allows a debtor to exempt the right to receive "alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." The Trustee concedes that Debtor can rely on the combination of K.S.A. 60-2312(b) and § 522(d)(10)(D).[38] In her response to Trustee's objection, Debtor does not contend any of her property is exempt under § 522(d)(11)(E).

The Trustee's objection to the exemption of the $1,300 monthly maintenance payments and the cash balance in a bank account which Debtor uses exclusively to receive such payments is denied.

**CONCLUSION.**

For the foregoing reasons, the Court sustains the Trustee's objection to Debtor's claim of exemption of her right to receive $24,000 as compensation for attorney fees under the Divorce Judgment, but rejects the Trustee's objection to Debtor's claim of exemption of her monthly maintenance payments and the balance in an account she uses exclusively to

---

exemption scheme. 11 U.S.C. § 522(b)(2). By enacting K.S.A. 60-2312(a), Kansas opted out of the federal exemption scheme.

[38] Doc. 39.

receive such payments.

The foregoing constitutes Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure, which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.

**JUDGMENT**.

Judgment is hereby entered sustaining the Trustee's objection to Debtor's claim of exemption of the $24,000 awarded to her under the Divorce Judgment for attorney fees, and rejecting the Trustee's objection to Debtor's claim of exemption of her monthly maintenance payments and the balance in an account she uses exclusively to receive such payments. The judgment based on this ruling will become effective when it is entered on the docket for this case, as provided by Federal Rule of Bankruptcy Procedure 9021.

**IT IS SO ORDERED.**

# # #